## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 24-cv-01842-GPG-CYC

JOAQUIN GUZMAN LOREA,

    Plaintiff,

v.

MISTELLE J. STARR, Warden of ADX, in her official capacity,
COUNSELOR JOHN HOLBROOKS, in his official capacity,

    Defendants.

_____

## PLAINTIFF'S THIRD AMENDED COMPLAINT
_____

Plaintiff Joaquin Guzman Lorea, by and through counsel, David Lane, Darold Killmer, and Reid Allison of KILLMER LANE, LLP, hereby submits this Third Amended Complaint for Defendants' violation of his U.S. Constitutional rights.

## I.    INTRODUCTION

1.    This case involves the Bureau of Prisons' ("BOP") and its officials' violations of Joaquin Guzman Lorea's constitutional rights in the United States Penitentiary—Administrative Maximum ("ADX") in Florence, CO.

2.    Plaintiff has been suffering near-constant severe sinus, ear, nose, and throat pain for years, without adequate medical care. Defendants have been aware of this pain and the need for medical care, and yet they have willfully refused to provide Plaintiff access to medical care that could treat his condition and lessen his pain.

3.    Plaintiff has also been subjected to severe sleep deprivation for years due to the conditions of confinement in his cell. Again, Defendants have known of this

condition and the severe sleep deprivation that it causes Plaintiff for years and have done nothing to correct the situation and allow him the chance at the basic human need of restful sleep.

4.      Defendants have also kept Plaintiff in a state of extreme isolation—including solitary confinement, restrictive Special Administrative Measures ("SAMs") that keep him from contact with his family, little to no access to Spanish-speaking mental health professionals, and no meaningful access to educational programs and materials that could help him learn English and therefore pave the way to more substantial human contact—for over five years. Viewed together, Defendants' meticulously crafted, all-encompassing isolation of Plaintiff is cruel and unusual punishment.

## II.      JURISDICTION AND VENUE

5.      This action arises under the Constitution and laws of the United States and is brought only for equitable injunctive relief.

6.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 & 1361.

7.      Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 28 U.S.C. § 2412.

8.      Plaintiff has exhausted all administrative remedies.

9.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).  All of the events alleged herein occurred within the State of Colorado.

## III.      PARTIES

10.      Plaintiff Joaquin Guzman Lorea is a citizen of Mexico and has been at all relevant times a federal prisoner in the custody of BOP, housed at ADX, which is located in the State of Colorado.

11.     Defendant Mistelle J. Starr is the warden of ADX. As warden, she oversees all BOP staff members at ADX and is responsible for implementing policies and procedures.

12.     Defendant John Holbrooks is a Counselor at ADX who is assigned to Plaintiff. At all relevant times he was acting under color of law. Defendant Holbrooks is a citizen of the United States and resident of Colorado.

## IV.    FACTS

13.     Joaquin Guzman Lorea has been incarcerated at ADX—the most restrictive facility in BOP—since 2019. Given his criminal sentence, he will be in BOP's custody for the rest of his life.

### A.  Deliberate Indifference

14.     For over three years, Plaintiff has been suffering objectively serious medical needs related to allergies and his ears, nose, and throat.

15.     Throughout those three years Plaintiff has repeatedly informed those in charge at ADX of his near-constant severe pain and need for medical treatment.

16.     Even so, he has not been seen by a specialist or any other qualified medical professional who could help treat and alleviate his condition.

17.     Though he receives some medication for high blood pressure, he has never been given medicine sufficient to treat his constant sinus and ear pain.

18.     Plaintiff has resorted to stuffing small pieces of toilet paper in his ears at night to try to alleviate the pain, with no notable success.

19.     Defendants have been deliberately indifferent to Plaintiff's serious medical needs regarding his ear, nose, and throat condition for over three years.

20.    Plaintiff will continue to suffer severe pain until he is seen by a medical professional who is capable of treating his condition or at least managing his pain with proper, effective medication.

**B. <u>Cruel and Unusual Conditions of Confinement</u>**

<u>(1) Sleep Deprivation</u>

21.    Plaintiff's conditions of confinement also violate his rights under the Eighth Amendment.

22.    Every night hot air is blown into his cell for 15 minutes every 2 hours.

23.    The hot air routinely wakes him up (4-5 times per night) and the oppressive heat itself makes it near impossible for him to sleep.

24.    Indeed, his mattress gets so hot that he opts to sleep on the concrete frame instead, in hopes of ameliorating his overheating enough to get even small amounts sleep.

25.    As a result, Plaintiff has suffered, is suffering, and will continue to suffer severe sleep deprivation, as well as the physical and mental sequalae of sleep deprivation.

26.    He is being willfully deprived of a basic human need—the need to sleep.

27.    Plaintiff has begun suffering high blood pressure, depression, and memory problems due to his prolonged sleep deprivation.

28.    Defendants have known of this cruel and unusual condition of confinement and its damaging impact on Plaintiff's health and wellbeing for over two years.

29.     Despite this knowledge, Defendants have done nothing to provide constitutionally adequate conditions of confinement that allow Plaintiff a chance at restful sleep.

(2) Isolation

30.     Throughout his incarceration at ADX, Plaintiff has been held in solitary confinement with no contact with other inmates.

31.     On a typical day, Plaintiff has no contact with a single other human being who shares a language in which they can communicate.

32.     He has been subject to SAMs, which severely limit his access to mail, the telephone, and visits.

33.     The SAMs severely impact his ability to maintain his relationship with his family and others.

34.     In particular, he has not been allowed to speak with or write to his wife in over seven years, and he has been prevented from telephonic contact with his sisters and virtually all of his children.

35.     Without penological justification, the SAMs also strictly limit Plaintiff's recreation and exercise time—he often goes weeks without either.

36.     He does not have meaningful contact with other human beings, as the guards do not speak to him and most do not speak Spanish.

37.     Plaintiff is endeavoring to learn English to expand his world and hopefully enhance his ability to connect with the people around him, as well as to learn about the American criminal and civil justice system and meaningfully participate in his own litigation. But he is being prevented from learning English by Defendants: he is given

ESL worksheets that do not include Spanish instructions and are therefore entirely

inscrutable to him.

38.    Plaintiff has made repeated requests to all Defendants to be allowed

access to ESL educational materials by which he can actually learn the language;

however, he has repeatedly been denied such materials.

### (3) Lack of Mental Health Care

39.    Adding to his profound isolation, Plaintiff has been kept from access to

Spanish-speaking mental health professionals on a regular basis.

40.    While other inmates are able to speak with a mental health professional

weekly, that mental health professional only speaks English and is of no use to Plaintiff.

41.    Plaintiff has repeatedly requested more frequent access to mental health

help, but Defendants have denied him that access.

42.    Plaintiff therefore has vanishingly little help from the mental health staff to

deal with the trauma of prolonged solitary confinement and other events and conditions

which adversely affect his mental health.

43.    This total isolation has had and continues to have a substantial deleterious

effect on Plaintiff's mental health.

44.    Supreme Court Justices have recognized that prolonged solitary

confinement "exact[s] a terrible price," "literally drives men mad," and "raises serious

constitutional questions." *Davis v. Ayala*, 135 S. Ct. 2187, 2210 (2015) (Kennedy, J.,

concurring); *Ruiz v. Texas*, 137 S. Ct. 1246, 1247 (2017) (Breyer, J., dissenting).

Justice Sotomayor has quoted Charles Dickens' observations that "very few" are

"capable of estimating the immense amount of torture and agony which this dreadful

punishment [solitary confinement], prolonged for years, inflicts upon the sufferers."

*Apodaca v. Raemisch*, 139 S. Ct. 5, 9-10 (2018) (Sotomayor, J., statement on denial of

certiorari).

## V.    STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Eighth Amendment
### Deliberate Indifference- Medical Care
### (Against All Defendants)

45.    Plaintiff Guzman Lorea incorporates all other paragraphs of this Complaint

for purposes of this Claim.

46.    Plaintiff's constant, severe sinus, ear, nose, and throat pain constitutes an

objectively serious medical need.

47.    Plaintiff has repeatedly put Defendants on notice of his ongoing serious

medical needs.

48.    Yet Defendants have willfully refused to provide Plaintiff with

constitutionally adequate medical care, via effective medication or access to a medical

professional qualified and able to treat his serious medical condition.

49.    Defendants' acts and omissions are the proximate cause of the

deprivation of Plaintiff's rights under the Eighth Amendment.

50.    Defendants' conduct violated clearly Plaintiff's established rights of which

reasonable public officials knew or should have known.

51.    The acts or omissions of Defendants were conducted within the scope of

their official duties and employment.

52.     As a result of Defendants' acts or omissions, Plaintiff has suffered near-constant severe pain and is at risk of suffering that pain going forward until he is provided with constitutionally adequate medical care.

53.     Defendants engaged in the conduct described by this Complaint intentionally, knowingly, recklessly, willfully and wantonly and in reckless disregard of Plaintiff's constitutional rights.

54.     Defendants' conduct legally and proximately caused significant harm to Plaintiff, and he seeks injunctive relief to remedy this harm going forward.

### SECOND CLAIM FOR RELIEF
### Eighth Amendment – Sleep Deprivation
### Cruel and Unusual Conditions of Confinement
### (Against All Defendants)

55.     Plaintiff Guzman Lorea incorporates all other paragraphs of this Complaint for purposes of this Claim.

56.     Oppressively hot air is blown into Plaintiff's cell every night at two-hour intervals.

57.     Because of this, Plaintiff is routinely awakened 4-5 times per night.

58.     Moreover, the heat in his cell becomes too much for him to sleep restfully even between the blasts of hot air.

59.     This condition of confinement has caused Plaintiff severe sleep deprivation, depriving him of one of the most basic human needs.

60.     This severe sleep deprivation has been going on for years and has caused Plaintiff high blood pressure, depression, and memory problems.

61.     Defendants have known of this condition of confinement for well over two years.

62.    Defendants have also known for years that this severe sleep deprivation has been causing (and continues to cause) serious negative impacts to Plaintiff's health and mental wellbeing.

63.    Even so, Defendants have done nothing to correct the condition to allow Plaintiff the chance to get a restful night's sleep.

64.    Defendants' actions and inactions, as described herein, caused Plaintiff to suffer injuries.

65.    Defendants' conduct violated clearly Plaintiff's established rights of which reasonable public officials knew or should have known.

66.    Defendants engaged in the conduct described by this Complaint intentionally, knowingly, recklessly, willfully and wantonly and in reckless disregard of Plaintiff's constitutional rights.

67.    Defendants' conduct legally and proximately caused significant harm to Plaintiff, and he seeks injunctive relief to remedy this harm going forward.

### THIRD CLAIM FOR RELIEF
### Eighth Amendment - Isolation
### (Against All Defendants)

68.    Plaintiff incorporates all other paragraphs of this Complaint for purposes of this Claim.

69.    Plaintiff's continued, indeterminate isolation (via solitary confinement, the SAMs, and lack of access to language education or Spanish-speaking mental health services) is cruel and unusual punishment because the totality of the isolation deprives him of basic human needs, imposes serious and irreparable psychological and physical injury on his person, and violates present-day standards of human dignity.

70.     The indefinite duration of Plaintiff's isolation poses significant risks of incapacitating him and causing him permanent mental and psychological injury.

71.     Defendants' isolation of Plaintiff inflicts disproportionate punishment on him.

72.     Housing him in these cruelly isolated conditions serves no valid, legal purpose and lacks penological justification.

73.     Defendants' infliction of mental and physical harm on Plaintiff strips him of his dignity and worth, transgresses civilized society's notions of decency, and is a practice that is disavowed in contemporary society.

74.     The mental and psychological anguish inflicted on Plaintiff as a result of his isolation are obvious to Defendants and any other reasonable person. Defendants know that Plaintiff is suffering substantial and ongoing injury.

75.     As a direct and proximate result of Defendants' constitutional violations, Plaintiff will continue to be irreparably injured. He will suffer irreparable harm unless Defendants are enjoined from continuing this unconstitutional isolation.

76.     Defendants' acts and omissions are the proximate cause of the violation of Plaintiff's rights under the Eighth Amendment.

77.     The acts or omissions of Defendants were conducted within the scope of their official duties and employment.

78.     As a result of Defendants' acts or omissions, Plaintiff has suffered harm and is at risk of suffering harm going forward.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award him all relief as allowed by law and equity, including, but not limited to the following:

    a.  Declaratory and injunctive relief, as appropriate, including but not limited to:

        1.  Order Defendants to allow an Ear/Nose/Throat specialist medical professional to examine and treat Plaintiff,

        2.  Order Defendants to stop blowing oppressively hot air into his cell repeatedly at night,

        3.  Order Defendants to provide Plaintiff with a mental health professional who speaks Spanish on a weekly basis,

        4.  Order Defendants to provide Plaintiff with ESL materials that have Spanish instructions, thereby allowing him to learn English,

        5.  Order Defendants to modify the SAMs in place for Plaintiff, to allow him more contact with his family.

    b.  Issuance of an Order mandating appropriate equitable relief;

    c.  Attorneys' fees and costs; and

    d.  Such further relief as justice requires.

DATED this 7th day of August 2025.

KILLMER LANE, LLP

*s/ Darold W. Killmer*
_____
David A. Lane
Darold Killmer
Reid Allison
1543 Champa Street, Suite 400

11

Denver, CO 80202
(303) 571-1000
dlane@killmerlane.com
dkillmer@killmerlane.com
rallison@killmerlane.com

*Counsel for Plaintiff*