IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01842-GPG-CYC

JOAQUIN GUZMAN LOERA,

    Plaintiff,

v.

D. BAYSORE[1], Warden of ADX, in her official capacity, and
COUNSELOR JOHN HOLBROOKS, in his official capacity,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS (ECF No. 62)**

---

    Defendants' Motion to Dismiss (ECF No. 62) ("Motion") explained that all three of Plaintiff's claims fail. Each claim purports to assert a violation of the Eighth Amendment. But the Third Amended Complaint ("Complaint") lacks well-pleaded facts to meet the two-pronged test for such claims, which requires Plaintiff to show an objectively serious harm and that Defendants had the requisite knowledge and state of mind to be culpable.

    As explained below, Plaintiff's response fails to identify specific facts in the Complaint that show each prong is met for each claim. Instead, Plaintiff attempts to generally allege that the harms are sufficiently serious and that Defendants (or any BOP official) should have known about them. This is not adequate to state a claim under the Eighth Amendment.

---

[1] The names of Defendants sued in their official capacities have been amended to substitute the current personnel in the relevant positions. *See* Fed. R. Civ. P. 25(d)(1).

Plaintiff also asks the Court to deny the Motion so that he may pursue "discovery of factual bases for this court to consider." ECF No. 68 at 12. But a complaint must include "sufficient factual matter" to allege claims on its own—before discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). That a complaint fails to do so does not justify permitting a fishing expedition to discover new "factual bases" to support otherwise unsupported claims. *See Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010) ("[P]risoners claiming constitutional violations by officers within the prison will rarely suffer from information asymmetry."). Because the Complaint does not contain sufficient facts to state plausible claims for relief, it must be dismissed.

I. **Plaintiff fails to state a claim based on his desire to see a specialist for additional treatment for his allergies and related pain. (Claim 1)**

In Claim 1, Guzman asserts that Defendants have been deliberately indifferent to a medical need "related to allergies and his ears, nose, and throat." ECF No. 57 ¶ 14. He alleges that he has not received "adequate care," hasn't "been seen by a specialist," and, although he suggests he has received some treatment, he states that he "has never been given medicine <u>sufficient</u> to treat his constant sinus and ear pain." *Id.* ¶¶ 2, 16, 17 (emphasis added). He seeks "effective medication" and to be examined by a "specialist." *Id.* ¶ 20 and p. 11. Defendants' Motion explained that these allegations fail to meet either prong required to state a claim for deliberate indifference.

The Complaint's allegations fail to meet the objective prong because "[w]hether a specialist should be consulted is generally considered an exercise of medical judgment that is not subject to redress under the Eighth Amendment." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 735 (10th Cir. 2005). Failure to refer to a specialist only becomes

2

actionable if a "lay person would easily recognize the necessity for a [specialist's] attention." *Id.* Defendant's allergies and related pain, for which he has apparently received some treatment, do not rise to the level of a constitutional violation.

In response, Plaintiff asserts that he is claiming "objectively serious medical needs related to allergies *and* his ears, nose, and throat." ECF No. 68 at 11 (emphasis in original) (quoting ECF No. 57 ¶ 14). Plaintiff thus appears to argue that he has allergies and independent pain to support this claim, but this is not what the Complaint suggests. It is true that the Complaint includes allegations of sinus pain in his ears, nose, and throat, but the inclusion of "allergies" in sentence above—without additional clarification elsewhere in the Complaint—suggests that the condition for which he seeks a specialist's care relates, at least in part, to allergies, which are generally not a sufficiently serious medical condition to implicate the Eighth Amendment. *See, e.g., Sledge v. Kooi*, 564 F.3d 105, 107 (2d Cir. 2009); *McCoy v. Pace*, 493 F. App'x 494, 495 (5th Cir. 2012); *Francis v. W. Corr. Inst.*, No. GJH-16-2898, 2017 WL 3500401, at *3 (D. Md. Aug. 14, 2017); *Davidson v. Scully*, 155 F. Supp. 2d 77, 86 (S.D.N.Y. 2001).

Plaintiff's response also states that his pain "has persisted *without treatment* for years." ECF No. 68 at 12 (emphasis added). But the Complaint does not allege that Plaintiff has not received any treatment. It only alleges that he has not received what he deems to be adequate treatment. This distinction is made clear by Plaintiff's request for relief where he seeks not just <u>any</u> treatment, but specific treatment from a specialist. *See* ECF No. 57 at 11. This is properly viewed as a disagreement about what treatment he is receiving, which is not a violation of the Eighth Amendment. *See Washington v. O'Neal*,

3

No. 19-CV-03129-MEH, 2021 WL 103061, at *5 (D. Colo. Jan. 12, 2021) (noting that "[a]lthough Plaintiff alleges that he has received no mental health treatment, his other allegations belie that point," and, thus, concluding "that Plaintiff's desire for additional or different treatment is best framed as a disagreement about his course of treatment."); *see also Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016) (finding no Eighth Amendment violation where plaintiff "voice[d] a mere disagreement with a diagnosis or a prescribed course of treatment, because [he] has a constitutional right only to medical care—not to the type or scope of medical care which he personally desires.") (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) and *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975)) (cleaned up)).

The Motion also explained that the Complaint fails to meet the subjective prong of the test for deliberate indifference because it lacks any allegations plausibly showing that either Defendant (or any BOP official) knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff's response does not meaningfully address this prong. It merely conclusorily states that his condition has persisted "despite Defendants' knowledge of his condition." ECF No. 68 at 12. But as the Motion showed, the Complaint lacks any factual enhancement to support its vague allegations regarding BOP officials' knowledge, such as who Plaintiff told about his alleged issues, when he told them, or what their response was—all of which is information that Plaintiff would himself possess and be able to include in his Complaint. The Court should not infer that Defendants knew of and permitted an excessive risk of serious harm to Plaintiff where the Complaint lacks anything but vague

4

and conclusory allegations of such knowledge. *See Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). Claim 1 should therefore be dismissed.

## II. Plaintiff fails to allege that Defendants knew of and permitted a risk of serious harm to Guzman based on hot air blowing into his cell. (Claim 2)

In Claim 2, Plaintiff alleges that Defendants are violating the Eighth Amendment because hot air blows into his cell and deprives him of adequate sleep. ECF No. 57 at 4-5. Defendants' Motion explained that Plaintiff failed to allege facts showing that Defendants were subjectively aware of a substantial risk to his health based on hot air affecting his sleep. ECF No. 62 at 9-10.

In his response, Plaintiff argues that Defendants must be aware of his alleged sleep deprivation because he filed a similar lawsuit two years ago. ECF No. 68 at 4. This is not sufficient to meet the subjective prong for two reasons. First, the Complaint lacks any allegation that Defendants were aware of his sleeping issues due to the previous lawsuit. He cannot rely on a new allegation made only in a response brief.

Second, even if the Court could consider this allegation, it would not be sufficient. To meet the subjective prong, Plaintiff must allege facts showing that Defendants had a culpable state of mind either by showing that Defendants consciously disregarded a substantial risk of harm to Plaintiff or by showing they had actual knowledge of Plaintiff's serious condition. *See Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006). In either instance, Plaintiff must plead specific facts about Defendants' <u>actual</u> knowledge because "a prison official is liable only if the 'official knows of and disregards an excessive risk to inmate health and safety.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (quoting *Farmer,* 511 U.S. at 837). "It is not enough to establish that the official should

5

have known of the risk of harm." *Id.*; *see also Mostafa v. Barr*, No. 20-CV-00694-PAB-NYW, 2021 WL 330167, at *7 (D. Colo. Jan. 30, 2021) ("In other words, Plaintiff must allege facts from which it can be inferred that the defendant-officials were 'knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so.'" (quoting *Farmer*, 511 U.S. at 846.)) In the Complaint and the response, Plaintiff, at most, alleges that Defendants *should have* known about his difficulty sleeping due to the hot air blowing into his cell at night. That is not sufficient to state a claim for an Eighth Amendment violation.

Plaintiff also asks the Court to "concur with Judge Wang's thorough reasoning in the previous case." ECF No. 68 at 5 (citing *Guzman Loera v. True*, No. 21-cv-02794-NYW-MEH, 2023 WL 2528629 (D. Colo. Mar. 15, 2023) ("*Guzman I*")). But *Guzman I* does not address the subjective prong of the test for deliberate indifference. *See id.* at *8. The Order in *Guzman I* case only analyzes the objective prong of the test. It is silent on what these current Defendants (or any BOP officials) actually knew regarding Plaintiff's allegations. Plaintiff therefore cannot rely on that opinion to show that he has adequately met the subjective prong here.

Because the Complaint lacks factual allegations to meet the subjective prong of the test for deliberate indifference, Claim 2 should be dismissed.

### III. Plaintiff's claim of "isolation" fails to meet either prong required to state a claim under the Eighth Amendment. (Claim 3)

In Claim 3, Plaintiff asserts that various conditions of his confinement amount to "isolation" that violates the Eighth Amendment. ECF No. 57 at 5-7. The Motion explained

6

that the Complaint's allegations were insufficient to meet either prong of the test for conditions-of-confinement claims under the Eighth Amendment.

In his response, Plaintiff asks the Court to find that he has met the objective prong by improperly combining unrelated conditions into one constitutional challenge. ECF No. 68 at 6-10. But, as the Motion explained, it is improper to amalgamate the various conditions about which Plaintiff complains into one claim regarding his general well-being. The alleged conditions include—mental health care, recreation time, Plaintiff's SAMs, and educational programming. Plaintiff characterizes this claim as challenging his "isolation," but the array of conditions being challenged amounts to an improper challenge to his overall "well-being" rather than the "deprivation of a single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Plaintiff's response does little to explain how the varied allegations have a mutually reinforcing effect—for example, he does not even mention his recreation or exercise time. But, even if the Court were to consider the allegations together, they still fail to state an Eighth Amendment claim.

In an effort to show a harm sufficiently serious to meet the objective prong, Plaintiff asks the Court to follow a district court opinion from the Eastern District of Virginia. *See* ECF No. 68 at 8 (citing *Porter v. Clarke*, 290 F. Supp. 3d 518, 528 (E.D. Va. 2018)). But an out-of-circuit district court decision is of no precedential value here, especially given that the Tenth Circuit and District of Colorado have frequently found that the conditions of confinement at ADX, where Plaintiff is housed, do not violate the Eighth Amendment. *See, e.g., Silverstein v. Fed. Bureau of Prisons*, 559 F. App'x 739, 756 (10th Cir. 2014); *Gambina v. Fed. Bureau of Prisons*, 529 F. App'x 900, 902 (10th Cir. 2013); *Ajaj v. United*

7

*States*, 293 F. App'x. 575, 582–84 (10th Cir. 2008); *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1250 (D. Colo. 2011).

Additionally, in *Porter*, the Fourth Circuit on appeal noted that "the district court erred in disregarding [the] Defendants' argument that legitimate penological considerations justified the challenged conditions." *Porter v. Clarke*, 923 F.3d 348, 363 (4th Cir. 2019), *as amended* (May 6, 2019). Here, Defendants' Motion highlighted various justifications for the restrictions placed on Plaintiff about which he complains. ECF No. 62 at 11-13. For example, Plaintiff, who was the head of the Sinaloa Cartel, previously coordinated escape from two different maximum-security prisons in Mexico with the aid of lawyers and family members, covertly transmitted messages to family members in order to facilitate activities of his criminal organization, and his family members, with whom he is not allowed contact under his SAMs, all helped facilitate criminal activities for Plaintiff. *Id.* at 2-3. For these reasons, Plaintiff is housed under restrictive conditions at the ADX. Plaintiff's response, like the district court decision in *Porter*, fails to address the legitimate penological reasons for Plaintiff's conditions of confinement.[2]

---

[2] Plaintiff's response also attempts to bolster the Complaint's factual allegations regarding objective harm by quoting from two law review articles not cited or referenced in the Complaint. ECF No. 68 at 7-8 (quoting Laura Rovner, *Solitary Confinement, Human Dignity, and the Eighth Amendment*, 111 VA. L. REV. 671, 682-84 (May 2025)), 10 (quoting Zafir Shaiq, *More Restrictive Than Necessary: A Policy Review of Secure Housing Units*, 10 HASTINGS RACE & POVERTY L.J. 327, 361 (Summer 2013)). But these articles cannot provide evidence to support Plaintiff's claims here because they are not part of the Complaint and do not address Plaintiff's specific situation. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (noting that "in determining whether to grant a motion to dismiss," district courts "are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

Plaintiff's response also asserts that his confinement violates the Eighth Amendment because "he is being prevented from learning English" and is being denied "access to . . . mental health professionals with whom he shares a language." ECF No. 68 at 8-9. But the Complaint does not actually allege either of these things. First, the Complaint merely alleges that he is unable to utilize the ESL worksheets provided by Defendants because they do not include Spanish instructions. ECF No. 57 ¶¶ 37-38. And so, as relief, he is asking the Court to order Defendants to provide him "with ESL materials that have Spanish instructions." *Id.* at 11. This limited allegation does not allege that Defendants are preventing Plaintiff from learning English via other means. For example, Plaintiff does not allege that Defendants prevent him from acquiring ESL materials with Spanish instructions by ordering the materials himself, which he is permitted to do. *See* 28 C.F.R. § 540.70, 540.71 ("Incoming Publications" regulations). Second, the Complaint does not state that Plaintiff has no access to mental healthcare. It only alleges that he "has been kept from access to Spanish-speaking mental health professionals *on a regular basis*." ECF No. 57 ¶ 39 (emphasis added). He, therefore, seeks access to "a mental health professional who speaks Spanish on a weekly basis." *Id.* at 11. He is thus not being totally deprived of something he claims he needs, he simply isn't receiving exactly what he wants.[3]

---

[3] The same is true for each of the conditions he is challenging. He does not allege that he being denied outright any service, only that he seeks more than he is getting. *See* ECF No. 62 at 12-14; *see also* ECF No. 57 ¶ 32; ¶ 34 (alleging he is not allowed to have telephone contact with "virtually all of his children"); ¶ 36 (alleging that "most [guards] do not speak Spanish"); p. 11 (seeking an order to allow him to have "more contact with his family" and a weekly visit from the Spanish speaking mental health professional).

Plaintiff attempts to distinguish the conditions at issue here with those in *Silverstein*, which the Tenth Circuit concluded did not violate the Eighth Amendment. ECF No. 68 at 9. He argues that "[i]n *Silverstein*, the Tenth Circuit note that the plaintiff had 'daily contact with three shifts of BOP guards and daily interaction with other staff' and could 'communicate with other inmates.'" *Id.* By contrast, Plaintiff argues, "he has no such contact because guards do not talk to him and he is being prevented from learning English." *Id.* In *Silverstein*, however, the Tenth Circuit observed that many factors showed that Silverstein was not unconstitutionally isolated, including because he was permitted telephone calls and social visits, had his own television, had access to art supplies and radio, and could correspond with others. *Silverstein*, 559 F. App'x at 755. Plaintiff does not allege that he is not permitted any of those things. Moreover, Silverstein's "contact with others [was] minimal," *id.*, and here Plaintiff admits some contact with mental health professionals and that some guards speak Spanish. ECF No. 57 ¶¶ 39-41. And, as explained above, the Complaint only alleges that Defendants do not provide ESL worksheets with Spanish instructions. *See* supra at 9.

Because Plaintiff failed to plead facts to meet either prong for Eighth Amendment violations, Claim 3 must be dismissed.

## IV.   CONCLUSION

For the above reasons and those in Defendants' Motion, the Court should dismiss the Third Amended Complaint, ECF No. 57.

Dated: December 12, 2025

Respectfully submitted,

PETER MCNEILLY
United States Attorney

*s/ Logan P. Brown*
Logan P. Brown
Thomas A. Isler
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
Logan.Brown@usdoj.gov
Thomas.Isler@usdoj.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to the following persons:

    dkillmer@killmerlane.com
    dlane@killmerlane.com
    rallison@killmerlane.com

*Counsel for Plaintiff*

                              s/ Logan P. Brown
                              **Logan P. Brown**
                              United States Attorney's Office