IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 24-cv-01842-GPG-CYC

JOAQUIN GUZMAN LOREA,

     Plaintiff,

v.

MISTELLE J. STARR, Warden of ADX, in her official capacity,
COUNSELOR JOHN HOLBROOKS, in his official capacity,

     Defendants.

---

## ORDER

---

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D. 62). The Court GRANTS the motion for the following reasons.

### I. FACTS

This civil action arises from Plaintiff Joaquin Guzman Lorea's treatment as an inmate at United States Penitentiary—Administrative Maximum (ADX).[1] Plaintiff has been incarcerated at ADX since 2019 (D. 57 at ¶ 13). Throughout his incarceration at ADX, he has been held in solitary confinement with no contact with other inmates (*id.* at ¶ 30). He is also subject to Special Administrative Measures (SAMs) limiting his access to mail, the telephone, and visitors (*id.* at ¶

---

[1] The Court draws the operative facts as set forth in Plaintiff's Third Amended Complaint (D. 57).

1

32).  Adding to Plaintiff's isolation, he has not had regular access to a Spanish-speaking mental health professional on a regular basis, despite asking for such access (*id.* at ¶¶ 39–41).

For over three years, he has been suffering from allergies and ear, nose, and throat pain (*id.* at ¶ 14).  Despite repeatedly informing "those in charge at ADX of his near-constant severe pain," Plaintiff has not been seen by a specialist or any other qualified medical professional or been given medicine sufficient to treat his symptoms (*id.* at ¶¶ 15–17).  Plaintiff has also suffered as a result of hot air being blown into his cell for 15 minutes every 2 hours (*id.* at ¶ 22).  The hot air wakes him up several times a night and makes sleeping in his mattress "near impossible" (*id.* at ¶¶ 23–24).  As a result, he experiences sleep deprivation (*id.* at ¶ 25).[2]

Plaintiff brings three claims challenging his lack of access to adequate medical care, sleep deprivation, and isolation under the Eighth Amendment (D. 57).  Defendants move to dismiss all three claims (D. 62).

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an

---

[2] The facts set forth in Plaintiff's Second Amended Complaint (D. 49) can fairly be describe as bare bones.  Plaintiff cannot correct this deficiency by inserting additional facts in his Response (D. 68), e.g., that Defendants had knowledge due to another action (*id.* at 5) or that "SAMs are known and approved at every meaningful level" (*id*. at 9).  If Plaintiff wanted the Court to consider additional facts, he needed to include those additional facts in the complaint, but he did not.

entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

The Eighth Amendment requires that prisons provide "humane conditions of confinement." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Humane conditions of confinement include "adequate food, clothing, shelter, and medical care." *Id.* To state a claim for inadequate conditions of confinement, a plaintiff must show that (1) the conditions are "sufficiently serious so as to constitute a substantial risk of serious harm" and (2) a prison official acted with deliberate indifference to the plaintiff's health and safety. *Womble v. Chrisman,* 173 F.4th 1186, 1196 (10th Cir. 2026). To satisfy the deliberate indifference element, a plaintiff must present evidence that the official knew of and disregarded the risk. *Id.*

3

### A. Medical Care

Plaintiff fails to plead facts showing that he suffered a sufficiently serious medical need or that any official acted with deliberate indifference to that need. In the context of a medical care claim, a plaintiff satisfies the "sufficiently serious" conditions element by alleging facts demonstrating that he had a serious medical need. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Mata v. Saiz,* 437 F.3d 745, 751 (10th Cir. 2005). A medical need "is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata,* 437 F.3d at 751 (citation omitted).

The complaint here does not contain information indicating that Plaintiff's alleged allergies and ear, nose, and throat pain were either diagnosed by a physician as mandating treatment or so obvious that even a layperson would recognize the necessity for a doctor's attention. The complaint also does not provide any details of Plaintiff's symptoms beyond repeatedly restating the conclusory allegation that Plaintiff's pain was "severe" and "objectively serious" (*see* D. 57 at ¶¶ 14–20). Such "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, Plaintiff fails to show that he suffered a serious medical need. Even if he had shown a serious medical need, he fails to show that any official knew of and disregarded his need. Plaintiff states that he "repeatedly informed those in charge at ADX" of his pain (*id.* at ¶ 15) but does not include any facts indicating that ADX officials disregarded his pain. The complaint does not indicate if he received any medical treatment for his pain at all, in what manner he informed

officials, how they responded, etc.[3]  Therefore, Plaintiff's claim for inadequate medical care is dismissed.

### B.  Sleep Deprivation

Regardless of whether sleep deprivation is a sufficiently serious condition of confinement under the Eighth Amendment, Plaintiff fails to plead facts indicating that any official acted with deliberate indifference to his alleged sleep deprivation.  Plaintiff's complaint is completely devoid of any facts indicating that any prison officials know or at any point knew that he suffers from sleep deprivation as a result of the hot air in this cell.  All the complaint says is that "Defendants have known of this cruel and unusual condition of confinement" (D. 57 at ¶ 28) (*see* n. 2 <u>above</u>).  As stated above, such conclusory statements are insufficient to state a claim.  *See Hall,* 935 F.2d at 1110.   Therefore, Plaintiff's claim for sleep deprivation is dismissed.

### C.  Isolation

Again, putting aside whether Plaintiff has shown that his isolation is a sufficiently serious condition of confinement, he still fails to plead facts indicating that any official acted with deliberate indifference to his isolation.  Plaintiff's isolation claim is largely based on his being held in solitary confinement, SAMs, and lack of "contact with a single other human being who shares a language in which they can communicate" (D. 57 at ¶¶ 30–32).  The complaint does not say

---

[3] Plaintiff asserts that "he has not been seen by a specialist or any other qualified medical professional who could help treat and alleviate his condition" and that "he has never been given medicine sufficient to treat his constant sinus and ear pain" (D. 57 at 3, ¶¶ 15, 16).  Each of these statements allude to the fact that Plaintiff has received some treatment from some medical professionals and received medication, despite not telling the Court the details.  Plaintiff thus concedes he has received some treatment and attention but considers the treatment and medication he has received insufficient.  Mere disagreement over a chosen course of treatment does not constitute deliberate indifference, and inmates do not have a right to a particular course of treatment.  *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) ("A claim that a course of treatment was inadequate after the exercise of medical judgment, absent an extraordinary degree of neglect, [] does not rise to disregard of serious medical need (citing *Self v. Crum,* 439 F.3d 1227, 1234 (10th Cir. 2006))); *Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006) (rejecting the contention that the Eighth Amendment guaranteed a right to a particular course of treatment).

anything about how or whether ADX officials acted with deliberate indifference to his solitary confinement and SAMs. Instead, the complaint solely alleges that Plaintiff's requests for ESL materials he can understand and more frequent access to Spanish-speaking mental health professionals have repeatedly been denied (*id.* at ¶¶ 38, 41). The mere fact that his requests were denied without any other information does not show the ADX officials had the requisite state of mind for deliberate indifference. There is no indication that the officials knew Plaintiff suffered any "mental and physical anguish" (*id.* at ¶ 74) as a result of his isolation, including his lack of access to other Spanish-speaking individuals (*see* n. 2 above). Therefore, Plaintiff's isolation claim is dismissed.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D. 62) is GRANTED. All claims are dismissed without prejudice. It is FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED June 9, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

6